UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 18-4860 FMO (KSx) | Date | July 16, 2018 |
| Title | Annette Smith Garske v. Ford Motor Company, et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiff(s):      Attorney Present for Defendant(s):

None Present      None Present

**Proceedings:**      (In Chambers) Order Remanding Action

On May 1, 2018, Annette Smith-Garske ("plaintiff") filed a Complaint in the Los Angeles County Superior Court against Ford Motor Company ("Ford") and Colley Auto Cars, Inc. ("Colley") (collectively, "defendants"), (see Dkt. 1, Notice of Removal ("NOR") at ¶¶ 1-2; Dkt. 1-3, Complaint), asserting product liability and fraud claims related to a Ford vehicle she purchased. (See Dkt. 1-3, Complaint). Among other claims, plaintiff alleges that Colley negligently repaired her vehicle. (See id. at ¶¶ 150-54). On June 1, 2018, Ford removed the action on diversity jurisdiction grounds pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. (See Dkt. 1, NOR at p. 1 & ¶¶ 10-25). Having reviewed the pleadings, the court hereby remands this action to state court for lack of subject matter jurisdiction. See 28 U.S.C. § 1447(c).

## LEGAL STANDARD

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a). A removing defendant bears the burden of establishing that removal is proper. See Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (per curiam) ("The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper.") (internal quotation marks omitted); Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"). Moreover, if there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court.[1] See Gaus, 980 F.2d at 566 ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject

---

[1] An "antiremoval presumption" does not exist in cases removed pursuant to the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). See Dart Cherokee Basin Operating Co., LLC v. Owens, 135 S.Ct. 547, 554 (2014).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-4860 FMO (KSx) | Date | July 16, 2018 |
|---|---|---|---|
| Title | Annette Smith Garske v. Ford Motor Company, et al. | | |

matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c); see Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction."); Washington v. United Parcel Serv., Inc., 2009 WL 1519894, *1 (C.D. Cal. 2009) (stating that a district court may remand an action where the court finds that it lacks subject matter jurisdiction either by motion or sua sponte).

## DISCUSSION

The court's review of the NOR and the attached state court Complaint makes clear that this court does not have subject matter jurisdiction over the instant matter. In other words, plaintiff could not have originally brought this action in federal court, as plaintiff does not competently allege facts supplying diversity jurisdiction.[2] Therefore, removal was improper. See 28 U.S.C. § 1441(a); Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 2429 (1987) ("Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.") (footnote omitted).

When federal subject matter jurisdiction is predicated on diversity of citizenship, see 28 U.S.C. 1332(a), complete diversity must exist between the opposing parties. See Caterpillar Inc. v. Lewis, 519 U.S. 61, 68, 117 S.Ct. 467, 472 (1996) (stating that the diversity jurisdiction statute "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant"). Plaintiff appears to be a citizen of California. (See Dkt. 1-3, Complaint at ¶ 2; Dkt. 1, NOR at ¶ 21). Ford has shown that it is a citizen of Delaware and Michigan. (See Dkt. 1, NOR at ¶ 22). However, Colley is a citizen of California. (See id. at ¶ 23) ("As indicated, Colley is a California corporation."). Ford asserts, however, that Colley is a sham defendant, and therefore its citizenship should be disregarded for purposes of diversity jurisdiction. (See id. at ¶ 23).

"If a plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the well-settled rules of the state, the joinder is fraudulent and the defendant's presence in the lawsuit is ignored for purposes of determining diversity." United Computer Sys., Inc. v. AT&T Corp., 298 F.3d 756, 761 (9th Cir. 2002) (internal quotation marks omitted). "It is only where the plaintiff has not, in fact, a cause of action against the resident defendant, and has no reasonable ground for supposing he has, and yet joins him in order to evade the jurisdiction of the federal court, that the joinder can be said to be fraudulent, entitling the real defendant to a removal." Albi v. Street & Smith Publ'ns, 140 F.2d 310, 312 (9th Cir. 1944); see Allen v. Boeing Co., 784 F.3d 625, 634 (9th Cir. 2015) ("[J]oinder is fraudulent when a plaintiff's failure to state a cause of action against the resident defendant is obvious according to the applicable state law."). The defendant must show by "clear and convincing evidence" that the plaintiff does not have a colorable claim against the alleged sham defendant. See Hamilton

---

[2] Ford seeks only to invoke the court's diversity jurisdiction. (See, generally, Dkt. 1, NOR).

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 18-4860 FMO (KSx) | Date | July 16, 2018 |
|---|---|---|---|
| Title | Annette Smith Garske v. Ford Motor Company, et al. | | |

Materials Inc. v. Dow Chemical Corp., 494 F.3d 1203, 1206 (9th Cir. 2007) ("Fraudulent joinder must be proven by clear and convincing evidence."); see also Mireles v. Wells Fargo Bank, N.A., 845 F.Supp.2d 1034, 1063 (C.D. Cal. 2012) ("Demonstrating fraudulent joinder" requires showing that "after all disputed questions of fact and all ambiguities . . . are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned.") (emphasis in original) (internal quotation marks omitted); Vasquez v. Bank of Am., N.A., 2015 WL 794545, *4 (C.D. Cal. 2015) (finding defendants had not met the "heavy burden of persuasion to show to a near certainty that joinder was fraudulent" because plaintiff could amend complaint to state at least one valid claim) (internal quotation marks omitted).

      Here, Ford merely states that it "believes Plaintiff has no intention of prosecuting a negligence claim against Colley, and that in fact the negligent repair claim was only brought to defeat the claim of diversity and removal to Federal Court, due to the fact that Ford has recently sought removal of other similar matters to federal court." (Dkt. 1, NOR at ¶ 23). As an initial matter, Ford does not contest that plaintiff has a colorable claim against Colley. (See, generally, id.). In any event, speculation is insufficient to support diversity jurisdiction. In short, the court finds that Ford has failed to meet its heavy burden of showing by clear and convincing evidence that plaintiff does not have a colorable claim against Colley.

      Ford next argues that Colley is a dispensable party, such that the court should sever the claims against it pursuant to Rule 21 of the Federal Rules of Civil Procedure and proceed with the remainder of the case in federal court. (See Dkt. 1, NOR at ¶ 24). The court declines to do so. "Quite simply, a defendant lacking the proper jurisdictional key with which to open the doors of federal court cannot rely on Rule 21 severance as a surreptitious means to climb in the window." Hampton v. Insys Therapeutics, Inc., 2018 WL 2931833, *1 (D. Nev. 2018) (internal quotation marks omitted). Moreover, the court declines to butcher plaintiff's action and impose additional costs and burdens on her as a result.

      In sum, given that any doubt regarding the existence of subject matter jurisdiction must be resolved in favor of remanding the action to state court, see Gaus, 980 F.2d at 566, the court is not persuaded, under the circumstances here, that Ford has met its burden of showing that Colley was fraudulently joined. Because Colley is a citizen of California, there is no basis for diversity jurisdiction, and the court lacks subject matter jurisdiction over this matter.

**This order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

## CONCLUSION

      Based on the foregoing, IT IS ORDERED that:

      1. The above-captioned action shall be **remanded** to the Superior Court of the State of California for the County of Los Angeles, 111 North Hill St., Los Angeles, CA 90012, for lack of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **CV 18-4860 FMO (KSx)** | Date | **July 16, 2018** |
|---|---|---|---|
| Title | **Annette Smith Garske v. Ford Motor Company, et al.** | | |

subject matter jurisdiction pursuant to 28 U.S.C. § 1447(c).

    2.  The Clerk shall send a certified copy of this Order to the state court.

 

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | vdr | |